[No. 3236.]

## V. R. SPRINGER ET ALS. *v.* THE STATE.

1. DISORDERLY HOUSE.—INDICTMENTS in two cases charged that defendant "did wilfully and unlawfully keep a disorderly house, to wit: A house kept as a common resort for prostitutes." The Penal Code of this State, Article 339, defines a disorderly house as "one kept for the purpose of public prostitution, or as a common resort for prostitutes *and vagabonds.*" Exception was that the indictments were bad because they failed to allege that the house was kept as a common resort for both "prostitutes and vagabonds." *Held,* that to be sufficient, the indictments should have so charged; wherefore, the trial court erred in overruling the exception.

2. SAME—"PROSTITUTE," "COMMON PROSTITUTE" AND "VAGABOND" DEFINED.—The term "prostitute" and "vagabond" are not synonymous. As the words are used in the statute, it is not every prostitute that is a vagabond, and *vice versa;* and while the Code declares that every *common* prostitute is a vagrant, which means the same as vagabond, it does not mean that every prostitute is a vagrant. The word "vagabond," as used in the statute, applies only to the *common* prostitute, the female

who publicly sells her person indiscriminately to illicit intercourse with males, and not the female who surrenders her person to private prostitution. See the opinion *in extenso* on the question.

APPEAL from the County Court of Uvalde. Tried below before the Hon. T. S. Spencer, County Judge.

The indictments in these cases charged the appellants, V. R. Springer, Lee Guthrie and Frank Waller with the offense of keeping a disorderly house, as a common resort for prostitutes, in Uvalde county, Texas; the one alleging that the said house was so kept on the fifteenth day of January, 1884, and the other that it was so kept on the seventeenth day of January, 1884. They were convicted in both cases, the penalty in the first case being fixed at a fine of two hundred and fifty dollars, and in the second case at a fine of one hundred dollars.

The motions for new trials raised the question upon which the opinion of this court is predicated.

No briefs for the appellants have reached the Reporters.

*J. H. Burts*, Assistant Attorney General, for the State.

WILLSON, JUDGE. In these cases the indictments charge that the defendant "did wilfully and unlawfully keep a disorderly house, to wit, a house kept as a common resort for prostitutes." Our Code defines a disorderly house as "one kept for the purpose of public prostitution, or as a common resort for prostitutes *and vagabonds*." (Penal Code, Art. 339.) This definition is different from that contained in the Code before the revision. In the original Code a disorderly house was "one kept for the purpose of public prostitution, or as a common resort for prostitutes, vagabonds, free negroes, or slaves." (Pas. Dig., Art. 2027.) Under that definition of the offense, these indictments would unquestionably be good.

It is contended, however, that, under the statute as it now is, the indictments are bad, because they fail to allege that the house was kept as a common resort for both prostitutes *and vagabonds*. In our opinion, this exception is well taken. Neither in common parlance nor in the definitions given by lexicographers are the words "prostitute" and "vagabond" synonymous. It is not every prostitute that is a vagabond, and *vice versa*. Our Code declares that a *common* prostitute is a vagrant,

which means the same as a vagabond (Penal Code, Art. 385), but it does not declare every prostitute a vagrant. It is only the *common* prostitute that is by the law made a vagrant or vaga-bond.

Are all prostitutes *common* prostitutes? In the common ac-ceptation of the terms, they are not. In the sense in which these terms are used in the Code, we understand a prostitute to mean a woman who is unchaste; who has surrendered herself to illicit sexual intercourse with men. A *common* prostitute is a public prostitute, who makes a business of selling the use of her person to the male sex for the purpose of illicit intercourse. A woman may be a prostitute, and yet have illicit connection with one man only; but, to be a *common* prostitute, her lewdeness must be more general and indiscriminate.

We conclude, therefore, that the word "prostitutes," as used in the definition of a disorderly house, does not necessarily mean and include vagabonds, and that, therefore, a house kept as a common resort for prostitutes, unless they be *common* pros-titutes, is not a disorderly house. It must also be kept as a common resort for vagabonds. If the house was kept for the purpose of public prostitution, then it is a disorderly house, without regard to what class of persons resort to it. But when the house is kept as a common resort, to constitute it a disor-derly house, it must be kept for the common resort of *two* cer-tain classes of persons, to wit, *prostitutes and vagabonds.*

This being our view of the statute, we think these indictments fail to charge any offense against the law, and the judgments are reversed and the prosecutions dismissed.

*Reversed and dismissed.*

Opinion delivered June 27, 1884.